IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTIAN KARLEVID,<br><br>　　　　　Plaintiff,<br>v.<br><br>JULIANA SLOTO,<br><br>　　　　　Defendant. | Civil Action No. 1:25-cv-12000-BEM |

**JOINT MOTION TO SEAL THE EVIDENTIARY HEARING**

Pursuant to Fed. R. Civ. P. 5.2(a), the United States District Court for the District of Massachusetts Case Management/Electronic Case Files Administrative Procedures ("CM/ECF Procedures") Section N, and Local Rule 7.2, Plaintiff Christian Karlevid (Plaintiff") and Defendant Juliana Sloto ("Defendant") respectfully request that the Court impound (seal) the courtroom for the evidentiary hearing scheduled to being on September 23, 2025 at 9AM ("the Evidentiary Hearing") and continuing on September 24, 2025. *See* Dkt. No. 12.

**I.   Background**

On July 15, 2025, Plaintiff initiated this action under the Hauge Convention, alleging that the parties' 9 year old daughter (the Child) was wrongfully removed from Sweden and requesting that the Child be returned to his custody.

In the fall of 2024, the Plaintiff initiated civil custody proceedings against the Defendant, and on December 16, 2024, the Stockholm District Court provisionally awarded sole custody of the Child to Plaintiff. And shortly thereafter, (December 31, 2024) the Solna District Court issued a warrant for Plaintiff's arrest upon reentry to Sweden. Defendant will testify that she had no knowledge of or involvement in these proceedings.

1

While under the jurisdiction of the United States, Defendant has sought protections against Plaintiff for herself and the Child. On November 26, 2024, the Suffolk Probate and Family Court awarded Defendant a 10-day Temporary Restraining Order. The Suffolk Probate and Family Court determined that Plaintiff presented a substantial likelihood of immediate abuse to the Defendant, and extended the Order on December 9, 2024, at the 10-Day Hearing to January 6, 2025, and then again to January 6, 2026.

During the upcoming evidentiary proceeding, scheduled to be September 23-24, the Parties intend to present documents and live testimony from lay and expert witnesses relating to the Child's mental wellness and adaptation to the United States, custody-related proceedings in Sweden, criminal proceedings in Sweden, documents relating to Swedish Social Services, as well as evidence related to alleged abuse of the Defendant by Plaintiff.

**II.    Argument**

The presumptive right to access court proceedings is outweighed here by the privacy rights of the Child, other third parties, and the litigants in the case. The presumptive right to access public records and documents extends to "materials on which a court relies in determining the litigants' substantive rights." *Jimenez v. Nielsen*, No. 18-10225-MLW, 2018 U.S. Dist. LEXIS 19781, at *2 (D. Mass. Feb. 7, 2018)(citing *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir. 1986)). The philosophy behind such a presumption is to enable the public to monitor the function of the court system to "ensur[e] quality, honesty and respect for our legal system." *Jimenez v. Nielsen*, No. 18-10225-MLW, 2018 U.S. Dist. LEXIS 19781, at *2 (D. Mass. Feb. 7, 2018) (citing *In the Matter of Continental Illinois Securities Litigation*, 732 F.2d 1302, 1308 (7th Cir. 1984)). However, for as long as the courts have recognized this presumptive right, they have noted that such a right is not unfettered, as "[i]mportant countervailing interests can, in given

instances, overwhelm the usual presumption and defeat access." *United States v. Kravetz*, 706 F.3d 47, 59 (1st Cir. 2013)(citing *Siedle v. Putnam Invs.*, 147 F.3d 7, 10 (1st Cir. 1998)). Such countervailing interests here require sealing the Evidentiary Hearing.

In this case, the countervailing interest of maintaining the Child's privacy and the private, familial nature of the proceedings and anticipated testimony from litigants and third parties outweighs the presumption of the public's access to court proceedings. *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 411 (1st Cir. 1987) (the privacy rights of litigants and third parties may limit access to the judicial record despite the "'presumptively paramount' right of the public to know [as this right] must be weighed against competing interests of privacy"). *See contra Doe v. Smith*, No. 2:23-cv-00423-JAW, 2025 LX 12640, at *36-37 (D. Me. Apr. 10, 2025) (finding that the public's interest in a new application of a controversial topic trumped the privacy rights of the litigants and third parties); *United States v. Sampson*, 297 F. Supp. 2d 342, 346 (D. Mass. 2003) (finding that the public's interest in the second federal death penalty case in a state that does not itself authorize execution as a punishment superseded the privacy rights of the third party victims).

Courts have found important countervailing interests sufficient to overcome the presumptive right to access court proceedings in circumstances where the disclosure is related to (1) third-party privacy interests, (2) information about litigants that are traditionally held to be private, such as family affairs, and (3) where documents are traditionally viewed as private, such a medical, psychiatric, and other records. *United States v. Kravetz*, 706 F.3d 47, 62-64 (1st Cir. 2013), *United States v. Connolly (In re Bos. Herald, Inc.)*, 321 F.3d 174, 190 (1st Cir. 2003); *see also Handler v. Mayhew*, 841 F. Supp. 2d 443, 445 (D. Me. 2012) (finding that logs relating to a child custody case, which are traditionally confidential under state law, rebutted the presumption

3

of public access because the state has an interest in "protecting child victims from undue trauma and humiliation, facilitating the rehabilitation of families, and encouraging people to report child abuse and neglect by keeping their identities confidential.").

Here, these exact countervailing interests are at play: the privacy interest of the Child, the familial affairs anticipated to be of record during witness examination, and the documents substantiating the testimony concerning the same diminish the presumption of access. *Kravetz*, 706 F.3d at 62-64. For example, in establishing the substantial risk of harm to the Child, Defendant expects both she, and her expert, Dr. Cling, to testify about the nature of Defendant's relationship with Plaintiff, including allegations of abuse. Such intimate details about the Defendant's allegations of previous abuse, even when told through by one who is trained to assess an individual's mental state, are undoubtedly highly personal and would traditionally be held to be private. Such secrecy should be maintained even if some elements of their relationship were previously disclosed to the Suffolk Probate and Family Court for the Order of Harassment. *Abiomed, Inc. v. Maquet Cardiovascular LLC*, Civil Action No. 16-10914-FDS, 2021 U.S. Dist. LEXIS 214339, at *9 (D. Mass. Nov. 5, 2021) (One's the right to privacy is "not terminated merely because other judicial proceedings may not have been filed under seal").

In addition, the privacy concerns of the Child and third parties in this matter are among the interests referred to as "a venerable common law exception to the presumption of access" which should "weigh heavily in a court's balancing equation." *States v. Kravetz*, 706 F.3d 47, 62 (1st Cir. 2013) (citing *United States v. Amodeo ("Amodeo II")*, 71 F.3d 1044, 1051 (2d Cir. 1995)). Specifically, "family affairs" as those anticipated to be intertwined through the testimony at the Evidentiary Hearing is a matter that "weigh[s] more heavily against access than conduct affecting a substantial portion of the public." *Amodeo II*, 771 F.3d at 1051. As such, the venerable common

4

law exception should further extend to the documentation and testimony detailing the specifics of the Child's schooling and mental wellbeing. Such details of the testimony from non-party witnesses are not so central to the proceeding that it is necessary for the public's assessment of the case. Rather the generalities in the final opinion should suffice, without the need for the public to attend the Evidentiary Hearing.

Moreover, the legislature has further recognized the general presumption of a minor's right to privacy. As Fed. R. Civ. P. 5.2(a) notes, parties are required to redact the names of minors and other identifying personal information. Defendant has done so in all its pleadings to date. And here, the parties jointly request sealing the courtroom given the impracticality of ensuring any and all references to the privacy interests of the Child, third parties, and the litigants which will be integral to the testimony and documents introduced at the Evidentiary Hearing are shielded from public disclosure. Such information may include documents related to the Child's custody proceedings in Sweden and the documents issued by Sweden's child protective services, which under Sweden's laws are confidential, and as the case may be transferred back to said Court, the Parties wish to maintain that confidentiality. The Child's privacy interest also extent to the expert's testimony, as Dr. Cling is retained as a forensic psychologist, and may testify to highly personal matters regarding the Child's mental state and wellbeing. Moreover, public disclosure of sensitive topics regarding alleged parental abuse may be particularly traumatic for the Child given her age and the exact contents of her disclosure would do little more than to satisfy the morbid curiosities of the public. By virtue of her age, and the ease of which information may be uncovered about a child in a related case, and the inability for the Child to assent to the proceedings, the Child has the right to her privacy in this Evidentiary Hearing.

Finally, in determining whether the presumptive access remains, it is necessary to ascertain whether the information has a direct bearing upon the public's assessment of the case *United States v. Kravetz*, 706 F.3d 47, 62 (1st Cir. 2013). As many courts have concluded that there is a stronger presumption to access when the findings terminate a legal proceeding, such as when a motion for summary judgment is granted. *United States v. Graham*, 257 F.3d 143, 151 (2d Cir. 2001). Here, the public has a decreased interest in the case, as the ruling may not fully terminate the matter. The courts have concluded that actions filed under the Hague Convention are questions of jurisdiction—or more specifically, questions about which law to apply when determining custody rights of the child. *Da Silva v. Da Silva*, 141 F.4th 355, 358 (1st Cir. 2025). And as such, because this Evidentiary Hearing may not have a direct bearing upon the public's assessment of the final case as it merely determines the proper jurisdiction of a child custody case, a weaker presumption of public access is applied.

### III.    Conclusion

The Parties respectfully request that the Court seals the hearing for the duration of this Evidentiary Hearing, and that any mention of the Child be redacted from any public record. The Parties acknowledge that such a finding is uncommon, but given the privacy interests in the present case, that public interest in the case is minimal, and that this Court's holding may not terminate the proceeding demonstrate a significant countervailing interest, and as such, the scales weigh in favor of sealing the trial proceedings.

For the reasons set forth above, the Parties respectfully request that this Court enter an order granting a motion to seal the Evidentiary Hearing.

Reservation: Plaintiff consents to this joint motion solely for the purpose of courtroom closure. This consent does not waive or concede any substantive rights or arguments in this proceeding.

Date: September 22, 2025

/s/ *[signature]*

Christian Karlevid
*Pro se* Plaintiff
christiankarlevid@gmail.com

Respectfully submitted,

*/s/ John W. Custer*

Bryan S. Conley
John W. Custer
bconley@wolfgreenfield.com
jcuster@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Avenue
Boston, MA 02210
617.646.8000 Phone
617.646.8646 Fax

Suresh S. Rav (BBO No.709631)
John W. McGrath (admitted *pro hac vice*)
WOLF, GREENFIELD & SACKS, P.C.
601 Massachusetts Avenue, NW
Washington, DC 20001
202.571.5001 Phone
617.646.8646 Fax
srav@wolfgreenfield.com
jmcgrath@wolfgreenfield.com

*Counsel for Juliana Sloto*

## CERTIFICATE OF SERVICE

I hereby certify that, on September 22, 2025, the foregoing Joint Motion to Seal was electronically filed using the Court's CM/ECF system, which will automatically send email notification of such filing to all attorneys of record and will be available electronically to any attorneys who subsequently appear of record in this action.

A copy of the foregoing document is also being served on the *Pro se* Plaintiff by email as indicated below:

Christian Karlevid (*Pro se* Plaintiff)
Email: christiankarlevid@gmail.com

*/s/ John W. Custer*
John W. Custer