UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **CHRISTIAN KARLEVID,**  <br><br>Petitioner,<br><br>v.<br><br>**JULIANA SLOTO,**<br><br>Respondent. | )<br>)<br>)<br>)<br>) Civil Action No.<br>) 25-12000-BEM<br>)<br>)<br>)<br>)<br>) |

# JUDGMENT

**MURPHY, J.**

Pursuant to the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9001 *et. seq.*, the Court having conducted an evidentiary hearing and finding that the Respondent wrongfully removed and retained the minor child[1] in violation of the Hague Convention on the Civil Aspects of International Child Abduction, Oct. 25, 1980, T.I.A.S. No. 11670, for reasons stated on the record and to be memorialized in a separate written decision, the Court has ORDERED that the minor child be returned to Sweden, her country of habitual residence.

Under ICARA, this Order must be given full faith and credit by the courts of the States and the courts of the United States. 22 U.S.C. § 9003(g). Accordingly, to the extent this Order conflicts with the judgment of any other court, including but not limited to the January 6, 2025 Abuse Prevention Order ("APO") entered by the Suffolk Probate and Family Court, this Order controls. Petitioner being a non-U.S. citizen, it is hereby ORDERED that any recipient of this Order, including but not limited to U.S. Customs and Border Protection and the Department of Homeland

---

[1] The minor child's full name is included in a sealed version of this Order.

Security, permit Petitioner's entry into and exit from the United States, notwithstanding the appearance of the APO or any other contrary judgment, for purposes of effecting the minor child's return to Sweden. For the avoidance of doubt, the Petitioner is to be permitted to travel with the minor child to Sweden on any day between October 9, 2025, and October 16, 2025.

Furthermore, as stated at the hearing, Petitioner is entitled to necessary expenses incurred in connection with this suit, including court costs, legal fees, and transportation costs related to the return of the child. *See* 22 U.S.C. § 9007(b)(3). Petitioner may move for such costs in this Court on or before October 30, 2025.

To ensure that the minor child's return occurs in an orderly fashion, the parties have proposed, and the Court has adopted, the following protocol:

1. Until October 9, 2025, the minor child will reside with Respondent.
2. On a date to be determined by the parties, no earlier than October 9, 2025, no later than October 16, 2025, Petitioner will transport the minor child to Sweden.
3. Between the date of this Order, September 25, 2025, and the date on which the minor child returns to Sweden, Respondent will ensure that the minor child makes daily phone calls to Petitioner, before and after school and on the weekends, and that the minor child's phone is charged and in the minor child's possession, except during school hours.
4. Petitioner will arrange to have the minor child's phone activated.
5. By 11:00 a.m., on September 26, 2025, Respondent will surrender any passports or travel documents enabling Respondent to leave the United States of America to the clerk's office in the John Joseph Moakley United States Courthouse.

6. By end of the business day, on September 26, 2025, Respondent will mail, through an express service, the minor child's Swedish passport to Petitioner. Respondent represents that the minor child has no other passports.

7. Respondent represents that the minor child's Swedish passport has expired. Petitioner will arrange to have the minor child's passport renewed or will otherwise obtain appropriate travel documents for the minor child's return.

**So Ordered.**

Dated: September 25, 2025

/s/ Brian E. Murphy
Brian E. Murphy
Judge, United States District Court